UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LINDA S. BRENNER, on behalf of herself and all others similarly situated, ) ) ) | |
| Plaintiff, ) | JURY TRIAL DEMANDED |
| ) v. ) ) | |
| ) I.C. SYSTEM, INC. ) Defendant. ) | CASE NO. |

**COMPLAINT -- CLASS ACTION**

**INTRODUCTION**

1. Plaintiff brings this class action against defendant to obtain relief for herself and the class she proposes to represent for violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") and the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §42-110b, -g ("CUTPA").

2. The FDCPA protects the least sophisticated consumer from oppressive, false, misleading, or unfair collection tactics. *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

3. The FDCPA is violated by omission as well as by affirmative misrepresentations as to the character or legal status of the debt. 15 U.S.C. § 1692e(2), (5), (10); §1692f(1); *Ingham v. Eastern Air Lines, Inc*., 373 F.2d 227, 239 (2d Cir. 1967); *Bailey Employment System, Inc. v. Hahn*, 545 F. Supp. 62, 67 (D. Conn. 1982), *aff'd*, 723 F.2d 895 (2d Cir. 1983).

**JURISDICTION**

4. This Court has jurisdiction under 15 U.S.C. §1692k(d). Venue in this District is appropriate because Defendant's collection demands were received in Connecticut; all class members are located in Connecticut; and Defendant intentionally aimed the activities at issue toward

Connecticut residents.

## PARTIES

5. Plaintiff Linda S. Brenner is a natural person who resided in Guilford, Connecticut, at all relevant times.

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

7. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6). The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

8. Defendant engaged in collection efforts and communicated with Plaintiff on or after one year before the date of the filing of this action, in connection with collection efforts with regard to plaintiff's account with Dell Financial Services.

## FACTUAL ALLEGATIONS

9. At all pertinent times hereto, Defendant was hired by Dell Financial Services ("Dell") as an independent contractor to collect a debt that was allegedly originally owed to Dell.

10. The alleged debt at issue arose out of transactions which were primarily for personal, family or household purposes.

11. On or about March 14, 2006, the Defendant wrote and sent to the Plaintiff by U.S. mail a collection or dunning letter (the "March 14 Letter") which attempted to induce Plaintiff into paying the debt. A copy of the March 14 Letter is attached hereto as Exhibit A.

12. The March 14 Letter stated that a balance was due in the amount of one thousand, nine hundred ten dollars and thirty cents ($1,910.30).

13. On or about June 13, 2006, the Defendant wrote and sent to the Plaintiff by U.S. mail

a collection or dunning letter (the "June 13 Letter") which attempted to induce Plaintiff into paying the debt. A copy of the June 13 Letter is attached hereto as Exhibit B. (The March 14 Letter and the June 13 Letter, together, the "Letters").

14. The June 13 Letter stated that a balance was due in the amount of one thousand nine hundred twenty-five dollars and thirty-six cents ($1,925.36).

15. The amount claimed by Defendant between the March 14 Letter and the June 13 Letter increased by fifteen dollars and six cents ($15.06).

16. Neither of the Letters stated that the amount of the debt might vary from day to day because of, for example, interest, late charges or other charges.

17. Neither of the Letters notified Plaintiff of her right to obtain an exact, up-to-date amount of the debt allegedly due.

18. Both the Letters violated the FDCPA by not stating the amount of the alleged debt. 15 U.S.C. §§ 1692e(2)(A), 1692g(a)(1).

19. The case of *Miller v. McCalla, Raymer, Patrick, Cobb, Nichols & Clark, LLC*, 214 F. 3d 872 (7th Cir. 2000), describes the debt collector's disclosure of the possibility that the amount would be greater if a consumer tried to pay on a date later than the date of the letter as a "duty": "the debt collector's duty to state the amount of the debt in cases like this where the amount varies from day to day." *Id*. at 876.

20. At all times pertinent hereto, Defendant knew that Dell regularly provided periodic updates to the balance being collected for fees and interest, and by adjusting the amount owed due to debits and credits.

21. Defendant's collectors must collect the adjusted amount, and have no ability to waive

the upward adjustments.

22. At any given time, Defendant has more than 30 collectors working on the Dell Team, according to standards set forth in the Dell Team Specifics Manual.

23. Each collector is expected to make or receive at least 20 calls per hour according to standards set forth in the Dell Team Specifics Manual.

24. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was intentional, willful and in reckless disregard for federal rights of the Plaintiff.

25. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with said law.

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings this action individually and as a class action, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Classes:

A. All persons in the State of Connecticut to whom, during the three years prior to the filing of this Complaint, Defendant sent one or more Letters or other communications substantially in the form of one of the Letters in an attempt to collect a non-business debt allegedly owed to Dell, which letters were not returned as undeliverable by the Postal Service.

B. All persons in the State of Connecticut to whom, during the one year prior to the filing of this Complaint, Defendant sent one or more Letters or other communications substantially in the form of one of the Letters in an attempt to collect a non-business debt allegedly owed to Dell, which letters were not returned as undeliverable by the Postal Service.

27. Each Class is so numerous that joinder of all members is impracticable. Upon information and belief, Defendant sent at least forty letters per year virtually identical to one or more of the Letters to consumers throughout the State of Connecticut. Upon information and belief, defendant send hundreds if not thousands of dunning letters virtually identical to the Letters to consumers throughout the State of Connecticut, and many times that number throughout the United States. Thus, although the precise number of Class members is known only to the Defendant, Defendant regularly collects or attempts to collect consumer debts for Dell. Because the Letters are standard form letters sent to consumers, numerosity may be presumed.

28. There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class members. The principal question is whether Defendant violated the FDCPA or CUTPA by mailing the Letters or written communications substantially in the form of the Letters to consumers during the applicable time period.

29. Plaintiff's claim is typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

30. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter and has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this claim.

31. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which

would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

32. Whether a Class member was sent one of the Letters can be determined by ministerial inspection of Defendant's records.

33. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action under the FDCPA is up to $1,000. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many class claims. The identities of the Class members may be obtained from Defendant's records.

## CLAIMS FOR RELIEF

## COUNT I - VIOLATION OF THE FDCPA

34. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

35. Defendant is a "debt collector" as defined by section 1692a(6) of the FDCPA.

36. Plaintiff is a "consumer" as defined by section 1692a(3) of the FDCPA.

37. The Letters sent to the Plaintiff by Defendant are each a "communication" relating to a "debt" as defined by sections 1692a(2) and 1692a(5) of the FDCPA.

38. Defendant violated the FDCPA as to the Plaintiff and the Class. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692f and 1692g(a)(1) as evidenced by the following conduct:

  (a) Using false, deceptive and misleading representations or means in connection

with the collection of an alleged debt;

(b)     Falsely representing the character, amount or legal status of an alleged debt;

(c)     Using unfair or unconscionable means to collect or attempt to collect an alleged debt; and

(d)     Failing to provide the consumer with a written notice containing the amount of the alleged debt.

39.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of inducing Plaintiff to pay the debt.

40.     As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff and members of the Class for actual damages, statutory damages and attorneys' fees and costs.

## **COUNT II - VIOLATION OF CUTPA**

41.     Defendant is a Consumer Collection Agency licensed by the Connecticut Banking Department.

42.     Plaintiff is a consumer debtor as defined by Conn. Gen. Stat. §36a-800(2).

43.     Each of the Letters sent by Defendant was a communication within the meaning of Conn. Agencies Regs. §36a-809-3(a)(2).

44.     Conn. Gen. Stat. §36a-806 prohibits collection agencies from engaging in any practice determined by the Commissioner of Banking to be an unfair or deceptive act or practice.

45.     The Commissioner has adopted regulations, reported at Conn. Agencies Regs. §36a-809-3(f) and §36a-809-3(g), precluding false or misleading representations identical to the prohibitions set forth in the federal statute, the FDCPA.

46. Defendant's actions as set forth above are in violation of the regulations adopted by the Commissioner of Banking.

47. The violations of the regulations adopted by the Commissioner of Banking constitute unfair or deceptive practices in violation of Conn. Gen. Stat. §42-110b(a).

48. Defendant is liable to Plaintiff and members of the Class for actual damages, statutory damages, punitive damages and attorneys' fees and costs

## JURY TRIAL DEMAND

49. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to represent the Class;

(b) That judgment be entered against Defendant for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

(c) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

(d) That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3);

(e) That the Court award all remedies provided by remedies provided by Conn. Gen. Stat. §42-110g; and,

(f) That the Court grant such other and further relief as may be just and proper, including punitive damages and injunctive relief.

Respectfully submitted,

Date: October 27, 2006                                      **/s/ Joanne S. Faulkner**
Joanne S. Faulkner ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395

**DONOVAN SEARLES, LLC**
David A. Searles, Esquire
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
(215) 732-6067

**FRANCIS & MAILMAN, P.C.**
James A. Francis
Mark D. Mailman
100 S. Broad Street, 19th Floor
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiff and the Class

I.C. SYSTEM, INC.
444 Highway 96 East, P.O. Box 64887
St. Paul, MN 55164-0887

**Address Service Requested**

March 14, 2006

444 Highway 96 East Box 64887
St. Paul, MN 55164-0887
Phone: 1-877-221-3940
MON-TH 7A-9P FRI 7A-8P CT
SAT 7A-8P SUN 7P-9P CT


I.C. SYSTEM

I.C. System Reference Number: 22734220-15

#BWNGRCC
#F0227342205153E2#
LINDA S. BRENNER
81 JOSEPH DR.
GUILFORD, CT 06437-1060

RE: Dell Financial Services
DFS ACCEPTANCE
Po Box 6403
Carol Stream, IL 60197-6403
Principal Owed                $1,910.30
BALANCE DUE:                  $1,910.30
Account No: 6879450129003167080
Date of Service: 11/15/02

Dear Linda S. Brenner:

Your account with Dell Financial Services is past due. We have been asked by Dell Financial Services to begin debt collection activity.

If you would like to make payment arrangements please call 1-877-221-3940. We would like to give you the opportunity to clear this debt.

Please make your check or money order payable to Dell Financial Services and send it to:

Dell Financial Services
DFS ACCEPTANCE
PO Box 6403
Carol Stream, IL 60197-6403

We are a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

Please disregard this notice if payment in full has been recently sent.

IF YOU WILL BE RECEIVING A TAX REFUND AND WOULD LIKE TO USE IT TO PAY YOUR ACCOUNT, PLEASE CALL US TO MAKE PAYMENT ARRANGEMENTS.

Sincerely,

*B. Brown*

B. Brown
Manager

**NOTICE**
Unless you notify us within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, we will assume this debt is valid. If you notify us in writing within 30 days after receiving this notice that the debt or any portion thereof is disputed, we will: obtain verification of the debt (or obtain a copy of a judgment, if there is one) and mail you a copy of such judgment or verification. If you make a written request within 30 days after receiving this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.

Si ud tiene alguna pregunta acerca de esta cuenta llame 800/279-9420 y referir al numero de su cuenta

2250                                                                                         ST510-515-001464

TEAR OFF THIS PORTION AND RETURN WITH PAYMENT
MAKE CHECK PAYABLE TO DELL FINANCIAL SERVICES

Linda S. Brenner
81 Joseph Dr.
Guilford, CT 06437-1060

RE: Dell Financial Services
DFS ACCEPTANCE
Po Box 6403
Carol Stream, IL 60197-6403

Dell Financial Services
DFS ACCEPTANCE
PO Box 6403
Carol Stream, IL 60197-6403

Principal Owed                $1,910.30
BALANCE DUE:                  $1,910.30
Account No: 6879450129003167080
Date of Service: 11/15/02

6879450129003167080

**EXHIBIT A**

I. C. SYSTEM, INC.
444 Highway 96 East, P.O. Box 64887
St. Paul, MN 55164-0887

Address Service Requested

444 Highway 96 East Box 64886
St. Paul, MN 55164-0886
Phone: 1-877-221-3940
MON-TH 7A-9P FRI 7A-8P CT
SAT 7A-8P SUN 11A-9P CT



I.C. SYSTEM

I.C. System Reference Number: 23341529-85

June 13, 2006

#BWNGRCC
#F0233415295156D3#
LINDA S. BRENNER
81 JOSEPH DR.
GUILFORD, CT 06437-1060

RE: Dell Financial Services
DFS ACCEPTANCE
Po Box 6403
Carol Stream, IL 60197-6403
BALANCE DUE: $1,925.36
Account No: 6879450129003167080
Date of Service: 11/15/02

Dear Linda S. Brenner:

Your account with Dell Financial Services is past due. We have been asked by Dell Financial Services to begin debt collection activity.

If you would like to make payment arrangements please call 1-877-221-3940. We would like to give you the opportunity to clear this debt.

Please make your check or money order payable to Dell Financial Services and send it to:

Dell Financial Services
DFS ACCEPTANCE
PO Box 6403
Carol Stream, IL 60197-6403

We are a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

Please disregard this notice if payment in full has been recently sent.

Sincerely,

*B. Brown*

B. Brown
Manager

NOTICE
Unless you notify us within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, we will assume this debt is valid. If you notify us in writing within 30 days after receiving this notice that the debt or any portion thereof is disputed, we will: obtain verification of the debt (or obtain a copy of a judgment, if there is one) and mail you a copy of such judgment or verification. If you make a written request within 30 days after receiving this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.

Si ud tiene alguna pregunta acerca de esta cuenta llame 800/279-9420 y referir al numero de su cuenta

2250

ST510-515-003366

TEAR OFF THIS PORTION AND RETURN WITH PAYMENT
MAKE CHECK PAYABLE TO DELL FINANCIAL SERVICES

Linda S. Brenner
81 Joseph Dr.
Guilford, CT 06437-1060

Dell Financial Services
DFS ACCEPTANCE
PO Box 6403
Carol Stream, IL 60197-6403

RE: Dell Financial Services
DFS ACCEPTANCE
Po Box 6403
Carol Stream, IL 60197-6403
BALANCE DUE: $1,925.36
Account No: 6879450129003167080
Date of Service: 11/15/02

**EXHIBIT B**