UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **LINDA S. BRENNER, on behalf of herself and all others similarly situated,** ) ) ) | |
| Plaintiff, ) | CLASS ACTION |
| ) | |
| v. ) ) | CASE NO. 3:06CV-1707 (AWT) |
| **I.C. SYSTEM, INC.,** ) ) | August 13, 2007 |
| Defendant. ) | |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF
<u>MOTION FOR CLASS CERTIFICATION</u>**

Plaintiff Linda Brenner welcomes the opportunity to address issues discussed in *Miles v. Merrill Lynch & Co., Inc.*, 471 F.3d 24 (2d Cir. 2006). While the Second Circuit took the opportunity in *Miles* to clarify a district court's role in assessing a motion for class certification, the contrasts between this case and *Miles* underscore the propriety of class certification herein.

A.  **<u>Requirements for class certification under the *Miles* case</u>**

*Miles* was a consolidation of thousands of class actions filed against underwriters, issuers and officers of issuing companies, alleging a scheme to defraud the investing public in violation of federal securities laws. In reviewing the district court's class certification decision, the Second Circuit phrased the issue as follows:

> This appeal primarily concerns the issue, surprisingly unsettled in this Circuit, as to what standards govern a district judge in adjudicating a motion for class certification under Rule 23 of the Federal Rules of Civil Procedure. Comprehended within this broad issue are subsidiary issues such as whether a definitive ruling must be made that each Rule 23 requirement has been met or whether only some showing of a requirement suffices, whether all of the evidence at the class certification stage is to be assessed or whether a class plaintiff's evidence, if not fatally flawed, suffices, and whether the standards for determination of a Rule 23 requirement are lessened when a Rule 23 requirement overlaps with an aspect of the merits of the proposed class action.

*Miles*, 471 F.3d at 26.

Factually speaking, the *Miles* case is "miles" away from the case at bar. For example, *Miles* involved hundreds of consolidated securities fraud actions involving thousands of investors and many different corporate defendants. In this case, there is only one defendant. *Miles* presented serious factual issues of who made what representations to whom. By contrast, this case involves a single fact: the contents of a form letter that Defendant I.C. System, Inc. has been using for years. *Miles* presented individual reliance issues because it involved claims for fraud. Plaintiff here instead invokes a strict liability statute based on the least sophisticated consumer standard; there are no reliance issues. In *Miles*, defendants raised several issues as to the propriety of certification under Rule 23(a). Here, Defendant concedes that all the elements of Rule 23(a) – numerosity, commonality, typicality and adequacy – have been met. Def. Mem. (Doc. No. 24), p. 5. Finally, because of individual intent and reliance issues, *Miles* determined that the Rule 23(b)(3) predominance test could not be met. No such individual issues arise in any FDCPA case because of the strict liability and least sophisticated consumer standards.

Thus, the relevance of the *Miles* decision to the issues in the case at bar is not the factors peculiar to that case that led the appellate court to reverse the class certification order, but rather the guidance provided by the Second Circuit to district courts considering class certification motions. After surveying case law from the Supreme Court, the Second Circuit and other circuits, the *Miles* court reached the following conclusions:

> (1) a district judge may certify a class only after making determinations that each of the Rule 23 requirements has been met;
>
> (2) such determinations can be made only if the judge resolves factual disputes relevant to each Rule 23 requirement and finds that whatever underlying facts are relevant to a particular Rule 23 requirement have been established and is persuaded to rule, based on the relevant facts and the applicable legal standard, that the requirement is met;

(3) the obligation to make such determinations is not lessened by overlap between a Rule 23 requirement and a merits issue, even a merits issue that is identical with a Rule 23 requirement;

(4) in making such determinations, a district judge should not assess any aspect of the merits unrelated to a Rule 23 requirement; and

(5) a district judge has ample discretion to circumscribe both the extent of discovery concerning Rule 23 requirements and the extent of a hearing to determine whether such requirements are met in order to assure that a class certification motion does not become a pretext for a partial trial of the merits.

*Miles*, 471 F.3d at 41.

*Miles* ruled that a district court should not consider the merits of a plaintiff's claim unless merits issues overlap with certification issues. There is no overlap here; the merits issue has already been decided in plaintiff's favor. *Dragon v. I.C. System, Inc.*, 483 F. Supp. 2d 198 (D. Conn. 2007). Because Defendant chose not to comply with *Dragon*, its only statutory defense, bona fide error under 15 U.S.C. § 1692k(c), is not available. *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 27 (2d Cir. 1989) ("In any event, it is likely that the violations which we have found resulted from a mistaken view of the law, which section 1692k(c) does not excuse").

In sum, the *Miles* case, while providing general guidance on evaluating class certification motions, is not determinative of any of the class certification issues pending in this case. This Court is not required to make any findings or determinations on the Rule 23(a) elements, which have been conceded by the Defendant. With respect to certification under the subparagraphs of Rule 23(b), Defendant's challenge is primarily a legal one, and this Court's resolution does not require evaluation of any discovery or evidence.

Plaintiff summarizes her prior briefing on these issues below.

### B.     Rule 23(b)(1) - risk of inconsistent or varying adjudications

As noted in Plaintiff's opening brief, other courts considering whether to certify FDCPA class actions have held that Rule 23(b)(1) supports such certification. One reason, under clause (A), is to forestall the difficulties which would be likely to arise if the individual members of the class were to resort to separate actions. "[B]ecause all [class members] have allegedly suffered the same statutory violations, this class is well-suited to certification under Rule 23(b)(1)(A)." *Richards v. FleetBoston Financial Corp.*, 238 F.R.D. 345, 353 (D. Conn. 2006) (ERISA case alleging untimely and inadequate notification of benefit accrual reductions and breach of fiduciary duty in connection with cash value pension plan).

Under clause (B), the need to preserve the class members' abilities to protect their individual interests is evident. A multiplicity of individual actions against Defendant under the FDCPA or CUTPA could well have a substantial effect on those finances, thereby adversely affecting those individuals who did not sue, not knowing their rights were violated or not having the resources to locate and hire an attorney. Each individual who prevailed would be entitled to an award of actual damages and up to $1000 each in statutory damages, plus fees and costs. 15 U.S.C. § 1692k(a)(1), (2)(A), (3). Further, Defendant would be compelled to hire attorneys to fight each separate case. All these potential expenses pose the risk of depleting its assets. In a class action, however, assuming Plaintiff prevailed on the merits, the class members would all be bound together to share in FDCPA statutory damages consisting of one percent (1%) of Defendant's net worth, or $500,000.00, whichever is less. 15 U.S.C. § 1692k(a)(2)(B)(ii).

Certification under Rule 23(b)(1) is certainly appropriate under the circumstances of this case.

C.      **Rule 23(b)(2) - acting on grounds generally applicable**

The single issue here is the propriety of the form letter sent to all class members. The generation of standardized form collection letters is an action which is obviously "generally applicable to the class."

Defendant opposes class certification under subsection (2) on the sole ground that the "predominate relief sought [by Plaintiff] is money damages." Def. Mem. at p. 8.  Courts considering such an argument in the FDCPA context have pointed out why this argument is incorrect.  In *Karnette v. Wolpoff & Abramson, LLP*, 2007 WL 922288 (E.D. Va. March 23, 2007), the court certified a FDCPA class under Rule 23(b)(2), citing to other courts that have done the same and also pointing out that the Advisory Committee's Note states that subdivision (b)(2) "does not extend to cases in which the appropriate final relief relates ***exclusively or predominantly*** to money damages."  2007 WL 922288 at *10, citing Advisory Committee's Note and cases (emphasis added).  The court relied on a Fifth Circuit case which held that monetary relief predominates when it is less of a group remedy and depends on circumstances that made the need to inform individual members more urgent. *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 413 (5th Cir. 1998).  In an FDCPA case, statutory damages are primarily being sought, meaning that individual consumers need not prove actual, individual damages; if such damages are sought, there are a number of acceptable means for addressing such claims. *Karnette,* 2007 WL 922288 at *10.  Thus, for purposes of (b)(2) certification, monetary damages do not "predominate" over declaratory relief. *Id*.

Further, at this point in the case, it cannot be determined whether monetary relief, in the form of one-percent of Defendant's net worth, will be more than nominal.  In the event that it turns out that monetary damages may be nominal, then monetary relief will not predominate.

5

Hunt v. Check Recovery, 241 F.R.D. 505 (N.D. Cal. 2007) (certifying class under multiple subsections of Rule 23(b)).

Class certification decisions by their nature are conditional. There is no bar to this Court certifying a class under Rule 23(b)(2) based on the record currently existing. Fed.R.Civ.P. 23(d) (permitting the altering or amending of a class certification order at any time). Should circumstances change in such a way that it becomes clear which kind of relief is predominant, the class certification order can be revised if appropriate at that time.

### D. Rule 23(b)(3) - common questions, superiority

Since there is only one issue in the case, a legal issue already decided adversely to Defendant under the FDCPA's strict liability regime protecting the least sophisticated consumer, common questions predominate. *Hunt v. Check Recovery Systems, Inc.,* 241 F.R.D. 505 (N.D. Cal. 2007) (same letter sent to all consumers) and cases cited therein.

> The court believes that common questions of law and fact predominate over any individual questions. The common question is whether the letters sent to the class violate the FDCPA. Given the basis for the alleged FDCPA violation and the class description, this requirement is satisfied. *See, e.g., Jackson,* 227 F.R.D. at 290. Finally, a class action is superior to other forms of adjudication. The potential damages to any class member may be too inconsequential to provide an incentive for any of them to pursue their own claims, members may be unaware that their rights may have been violated, and they likely may be unable to retain their own counsel. *See, e.g., id.* A class action is likely to further judicial economy as well. *See* 15 U.S.C. § 1692k(a)(2)(B), (b)(2) (expressly providing for class actions in FDCPA cases); *Dawson v. Allied Interstate, Inc.,* No. 04 C 6618, 2005 U.S. Dist. LEXIS 14595, 2005 WL 1692606, at *1 (N.D. Ill. July 13, 2005) ("Generally, class action certification is appropriate for FDCPA claims.").

*Binder v. Atl Credit & Finance, Inc*., 2007 U.S. Dist. LEXIS 11483 *13-14 (S.D. Ind. Feb. 16, 2007).

### E. Class actions are encouraged in FDCPA cases

Congress expressly recognized the propriety of a class action under the FDCPA by providing special damage provisions and criteria in 15 U.S.C. §§1692k(a) and (b) for FDCPA class action cases. In the absence of effective governmental enforcement, vigorous enforcement by private practitioners, particularly through class actions, is essential to ensure that debt collectors comply with this important consumer protection measure.

The Supreme Court has long recognized that without class actions, claimants with small claims would not be able to obtain relief. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985). "Class actions . . . may permit the plaintiffs to pool claims which would be uneconomical to litigate individually. For example, this lawsuit involves claims averaging about $100 per plaintiff; most of the plaintiffs would have no realistic day in court if a class action were not available." *Id*. at 809. The 1966 Advisory Committee Notes to Rule 23 echo this concern: "These interests [in individual litigation] may be theoretical rather than practical: . . . the amounts at stake for individuals may be so small that separate suits would be impracticable." Similarly, the leading treatise on class actions has stated:

> The desirability of providing recourse for the injured consumer who would otherwise be financially incapable of bringing suit and the deterrent value of class litigation clearly render the class action a viable and important mechanism in challenging fraud on the public.

Newberg, Class Actions at § 21.30. *See also Watkins v. Simmons and Clark, Inc.*, 618 F. 2d 398, 404 (6th Cir. 1980) (class action certifications to enforce compliance with consumer protection laws are "desirable and should be encouraged").

### CONCLUSION

For all the reasons discussed herein and in her prior briefs, Plaintiff Linda S. Brenner respectfully requests that this Court grant her Motion for Class Certification.

THE PLAINTIFF

Date: August 13, 2007          BY:     ___/s/ Joanne S. Faulkner_____
                                       JOANNE S. FAULKNER ct04137
                                       123 Avon Street
                                       New Haven, CT 06511-2422
                                       (203) 772-0395
                                       j.Faulkner@snet.net

                                       DAVID A. SEARLES
                                       DONOVAN SEARLES, LLC
                                       1845 Walnut St., Suite 1100
                                       Philadelphia, PA 19103
                                       (215) 732-6067
                                       (215) 732-8060 (fax)
                                       dsearles@donovansearles.com

                                       JAMES A. FRANCIS
                                       FRANCIS & MAILMAN, P.C.
                                       19th Floor
                                       100 South Broad Street
                                       Philadelphia, PA 19110
                                       (215) 735-8600
                                       (215) 940-8000  (fax)
                                       jfrancis@consumerlawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2007 a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                       ____/s/ Joanne S. Faulkner____
                                       JOANNE S. FAULKNER ct04137