UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
LINDA S. BRENNER, on behalf   :
of herself and all others     :
similarly situated,           :
                              :
     Plaintiff,               :
                              :   CASE NO. 3:06CV01707(AWT)
v.                            :
                              :
I.C. SYSTEM, INC.,            :
                              :
     Defendant.               :
                              :
------------------------------x
```

**FINAL JUDGMENT AND ORDER**

Upon consideration as to whether the proposed settlement of the above-referenced litigation (the "Litigation") should be finally approved, the parties having presented their Settlement Agreement and supporting documents to the Court and the Court having held a hearing on the fairness of the proposed settlement of the Litigation, at which objectors to the settlement could appear, the Court finds that:

A.   Notice of the proposed settlement has been timely mailed to a "Class" consisting of "all persons in the State of Connecticut to whom, during the three years prior to the filing of the Complaint, Defendant sent one or more letters or other communications substantially in the form of the letters described in the Complaint (the "Letters") in an attempt to collect a nonbusiness debt allegedly owed to Dell Financial Services

("Dell"), which Letters were not returned as undeliverable by the Postal Service," and a "One Year Subclass," defined as "all persons in the State of Connecticut to whom, during the one year prior to the filing of the Complaint, Defendant sent one or more Letters in an attempt to collect a non-business debt allegedly owed to Dell, which Letters were not returned as undeliverable by the Postal Service."  Such notice satisfies the requirements of Rule 23(c) of the Federal Rules of Civil Procedure.

   B.   No Class member timely requested exclusion from the Class.  No Class member has objected to the settlement.

   C.   The issues as to liability and remedies, if any, in the Litigation are issues as to which there are grounds for difference of opinion, and the proposed settlement of the Litigation constitutes a resolution of those issues that is fair, reasonable and adequate to the members of the Class.

      IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

   1.   The Settlement Agreement submitted herein is approved as fair, reasonable and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure, and the parties are directed to consummate such agreement in accordance with its terms.  All terms defined in the Settlement Agreement have the same meanings when used herein.

   2.   The Litigation is hereby dismissed, with prejudice and without costs, and all Class members who did not timely request

exclusion shall be barred and enjoined from bringing any and all claims, actions and causes of action that were asserted in the Litigation by the Representative Plaintiff and the Class, or that arise from the initiation, litigation or settlement of the Litigation or the administration of the Settlement, against (i) the Representative Plaintiff; (ii) Defendant; (iii) their respective parents, partners, subsidiaries and affiliates; (iv) the partners, directors, officers, employees, agents, insurance carriers, successors and assigns, both past and present, of Defendant; and (v) any attorney for Defendant, the Representative Plaintiff, their agents, employees, insurance carriers, successors and assigns. Except for the claims asserted in the Litigation, however, a Class member may assert any other claim or defense in an effort to defeat any pending or future debt collection action (whether judicial or non-judicial).

    3.    Upon the Effective Date, Defendant, for itself, and on behalf of the Released Parties, shall be deemed to release and forever discharge the Representative Plaintiff, the Class and their present and former attorneys, administrators, heirs, agents, insurance carriers, successors, and assigns, from any and all causes of action, claims, and demands of any nature whatsoever, asserted or unasserted, arising out of, or relating in any way to, the institution, prosecution, or resolution of the Litigation.

This provision does not, nor shall it be construed as, affecting the amount, character, legal status, etc. of any debt that is or may be owed to Dell by any Class member.

4. After the Effective Date, the Settlement Fund shall be closed and the proceeds deposited into a checking account in the name of the Settlement Administrator to be distributed to Claiming Class Members in accordance with the Settlement Agreement.  To the extent that any funds remain after distribution to Claiming Class Members, including funds covered by returned checks and checks not cashed within 90 days from mailing, such remaining funds shall be divided equally between the National Consumer Law Center and the National Association of Consumer Advocates as *cy pres* recipients.  Under no circumstances shall any portion of the Settlement Fund revert to Defendant.

5. The Representative Plaintiff is awarded the sum of Ten Thousand Dollars ($10,000.00) in full settlement of her individual claims, in addition to any sums that she may be entitled to claim from those amounts of the Settlement Fund as are designated to be paid to the Class, and in recognition of her services to the Class. Upon the Effective Date, Defendant shall pay such award to the Representative Plaintiff in care of her counsel, Joanne S. Faulkner. Esq.

6. Following the Effective Date, Defendant shall close its accounts

of the Representative Plaintiff, and Defendant shall take no further collection action with respect to its accounts.

    7.    Upon the Effective Date, Defendant shall pay Class Counsel's fair and reasonable fees and reimbursement of expenses in accordance with the terms of the Settlement Agreement.  The award of such fees and expenses shall be made pursuant to a separate Order.

    8.    Consummation of the settlement shall proceed as described in the Settlement Agreement and the Court hereby retains jurisdiction of this matter in order to resolve any disputes which may arise in the implementation of the Settlement Agreement or the implementation of this Final Judgment and Order.  The Court retains continuing jurisdiction for purposes of supervising the implementation of the Settlement Agreement and supervising the distribution and allocation of the Settlement Fund.

It is so ordered.

Signed this 9th day of December, 2008 at Hartford, Connecticut.

    ____/s/__AWT_____
        Alvin W. Thompson
  United States District Judge